IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLARENCE W. HURT III,

        Plaintiff,        3:13-cv-00470-CL

        v.         ORDER

MULTNOMAH COUNTY, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the Multnomah County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that inthe year 2000 he was "held past his release date. Plaintiff further alleges that he was "beaten, tortured and held against my free will." Complaint (#2) p. 4

    Plaintiff now moves for preliminary equitable relief alleging that Multnomah County Sheriff's Office personnel are interfering with plaintiff's preparation of this case. Specifically, plaintiff moves the court for an order requiring defendants to "provide the pro-se plaintiff all rights and

1 - ORDER

privileges as an attorney," and restraining defendants "from retaliating against the pro-se plaintiff for standing up for his due process." (Sic) Motion of Pro Se (#9).

The relevant factors for determining whether a preliminary injunction should issue were canvassed by the Ninth Circuit in <u>United States v. Odessa Union Warehouse</u>, 833 F.2d 172, 174 (9th Cir. 1987):

> "The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. <u>Dollar Rent A Car of Washington Inc. v. Travelers Indemnity Company</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. <u>Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers</u>, 584 F.2d 308, 314-15 (9th Cir. 1978), <u>cert</u>. <u>dismissed</u>, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. <u>Oakland Tribune Inc. v. Chronicle Publishing Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits.

<u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief.  <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

In this case, plaintiff has not established the requsite "irreducible minimum" that he has a "fair chance of success on the merits" on the underlying claim.

Plaintiff's complaint indicates a significant statute of limitation obstacle as well as pleading deficiencies. Moreover, plaintiff is incarcerated and complaining about past allegedly improper incarceration.  Plaintiff has not alleged any facts that suggest he will be irreparably harmed if the preliminary relief he seeks is not granted. Lastly, plaintiff has not alleged sufficient specific facts to establish that defendants are in fact significantly interfering with the litigation of his case.

Plaintiff's motion for preliminary relief (#9) is denied.

DATED this _10_ day of April, 2013.

_____
Ann Aiken
United State District Judge

3  -  ORDER