IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLARENCE W. HURT III,

        Plaintiff,        3:13-cv-00470-CL

        v.        REPORT AND RECOMMENDATION

MULTNOMAH COUNTY, et al.,

        Defendants.

CLARKE, Magistrate Judge.

Plaintiff's Amended Application to Proceed *in forma pauperis* (#13) is allowed subject to further review by the court.

I. BACKGROUND

Plaintiff, an inmate at the Multnomah County Jail, filed a complaint under 42 U.S.C. § 1983 alleging: "In 2000 I was held for 9 months past my release date because Sheriffs Office

1 - FINDINGS AND RECOMMENDATION

1998 date loss. I was beaten, tourchered, and held against my free will by Multnomah County Sheriff's department." (sic)

For the reasons set forth below, plaintiff's complaint should be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 637 (9th Cir. 1988).

II. STANDARDS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff

with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

III. DISCUSSION

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 266 (1985); Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim.

3 - FINDINGS AND RECOMMENDATION

Wallace v. Kato, 549 U.S. at 388. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In addition, federal law controls when an action "commences" for the purposes of the statute of limitations. *Sain*, *supra* at 1136. Under FRCP 3, a 1983 action commences in federal district court for purposes of the statute of limitations when the complaint is filed. Id. at 1138.

In this case, plaintiff alleges that he was incarcerated beyond his release date in the year 2000. He further alleges that he was "forced to go before my sentencing a second time to obtain an order for my release." Accordingly, his claim accrued and the statute of limitations began to run in 2000. Plaintiff commenced this action on March 19, 2013.

Accordingly, plaintiff's claim is barred by the statute of limitations.

IV. CONCLUSION

Based on the foregoing, plaintiff's complaint should be dismissed because the claim alleged therein is barred by the

statute of limitations. Because it is apparent that the deficiency cannot be cured by amendment, the dismissal should be with prejudice.

    Plaintiff's Motion for Settlement (#6) and Motion for Hearing (#12) should be denied.

    This action should be dismissed with prejudice.

    This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

///

///

5 - FINDINGS AND RECOMMENDATION

Any appeal from an order adopting this Findings and Recommendation or Judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 18 day of April, 2013.

Mark D. Clarke
United States Magistrate Judge